## In re WRUBLE.

### No. 8489.

District Court, M. D. Pennsylvania.

March 24, 1934.

Edwin H. Sheporwich, of Wilkes Barre, Pa., for alleged bankrupt.

Reynolds & Reynolds, of Wilkes Barre, Pa., for petitioning creditors.

JOHNSON, District Judge.

This is a motion to dismiss a creditors' petition on the ground that it fails to set forth an act of bankruptcy within the meaning of the Bankruptcy Act of 1898 and its amendments. The act of bankruptcy intended to be charged by the petition is the fourth act, created by the amendment of 1926 (11 USCA § 21 (a) (4), as follows: "(4) Suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained."

The petition, which was filed on October 2, 1933, avers: "That the alleged bankrupt is insolvent and while insolvent, suffered or permitted The Kingston Bank and Trust Company, a creditor, to obtain through legal proceedings judgment, to-wit: No. 2911 October Term, 1932, entered on September 26, 1932, in the amount of $14,000 and not having vacated or discharged the same within thirty days from the date such judgment was obtained." The alleged bankrupt contends that since the alleged act of bankruptcy occurred more than four months prior to the time of the filing of the petition in bankruptcy, it is in effect no act of bankruptcy and the petition must therefore be dismissed.

It will be seen that the judgment against the alleged bankrupt was entered on September 26, 1932, long before the four-month period had commenced to run. The question arising, therefore, is whether or not an act of bankruptcy is committed by an insolvent debtor's failure to vacate a judgment that gave rise to a lien at a date *prior* to the commencement of the four-month period.

To constitute an act of bankruptcy under clause (4) of section 3 a, 11 USCA § 21 (a) (4), two elements must concur: (1) The debtor must, while insolvent, suffer or permit a preference to be obtained; (2) he must fail to discharge such preference within thirty days. Both elements must occur *within* the four-month period prior to the filing of the petition in bankruptcy. Northwestern Pulp & Paper Co. v. Finish Luth Book Concern et al. (C. C. A.) 51 F.(2d) 340; Remington on Bankruptcy, § 194, vol. 1, p. 259 (3d Ed.); In re McGraw (D. C.) 254 F. 442. Since the creditors' petition was not filed until over a year after the commission of the alleged act of bankruptcy, one of the essential requisites of an act of bankruptcy is

lacking, and the petition must be held insufficient.

And now, March 24, 1934, the motion to dismiss the creditors' petition is sustained, and the petition is dismissed, with costs.